UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK LICHTENFELD, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:13-CV-02237 |
| | ) |
| TRUSTMARK COMPANIES and HOLLY HAKES-RAMOS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Holly Hakes Ramos' Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"). (ECF No. 26). The motion has been fully briefed and is ready for disposition.

## BACKGROUND

On July 24, 2013, Plaintiff Mark Lichtenfeld ("Lichtenfeld") filed suit in the Circuit Court of St. Louis County against Defendants Trustmark Insurance Company ("Trustmark") and Holly Hakes-Ramos ("Ramos"). (Petition, ECF No. 3). Defendants timely removed the case to this Court on November 6, 2013 after being served with process on October 7 (Ramos) and October 15 (Trustmark). (Removal Notice, ECF No.1, ¶ 4). Lichtenfeld's initial petition (the "Petition") contains five counts: (I) a breach of contract claim against Trustmark related to actions taken by Trustmark in relation to an insurance policy owned by Lichtenfeld; (II) a second breach of contract claim against Trustmark for actions related to a separate insurance policy owned by Lichtenfeld; (III) a claim against Trustmark for "Vexatious Refusal to Pay;" (IV) a

1

conversion count against Trustmark; and (V) a claim for intentional infliction of emotional distress ("IIED") against Trustmark and Ramos, which is the claim at issue here. (Petition).

On December 18, 2013, the Court, on Ramos' motion, dismissed without prejudice Lichtenfeld's Count V and in the same Order granted Lichtenfeld leave to amend the complaint. (Dismissal Order, ECF No. 19, at 3). Count V of the Petition was dismissed because Lichtenfeld had failed to plead two elements of IIED that are required under Missouri law: (1) that the severe emotional distress results in bodily harm; and (2) that the alleged inflictor "intended only to cause extreme emotional distress to the victim." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (*en banc*) (internal quotation marks omitted). Lichtenfeld filed an Amended Complaint, which pleads those elements in Count V, on December 31, 2013. (Amended Complaint, ECF No. 21). Ramos filed the instant Motion to Dismiss the Amended Complaint on January 10, 2014. (ECF No. 26). Briefing was completed on December 31, 2014. (ECF Nos. 27, 29).

## **MOTION TO DISMISS STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citations omitted).

2

**DISCUSSION**

As the Court noted in its December 18 Order, the Missouri Supreme Court has described the tort of IIED as follows:

> To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm. *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. banc 1996) [*sic*]. The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' *Warrem v. Parrish*, 436 S.W.2d 670, 673 (Mo. 1969). The conduct must be 'intended only to cause extreme emotional distress to the victim.' *K.G.*, 918 S.W.2d at 799.

*Gibson*, 952 S.W.2d at 249. Moreover, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery." *St. Anthony's Med. Ctr. v. H.S.H.*, 974 S.W.2d 606, 611 (Mo. Ct. App.1998) (cited case omitted).

To support his IIED claim, Lichtenfeld alleges that Ramos sent him a notice on September 22, 2011 that his insurance premium was due. (Amended Complaint ¶¶ 18, 45). On the very next day, before Lichtenfeld received the September 22 notice, Ramos is alleged to have sent a second notice to Lichtenfeld that his premium was past due and also to have cancelled his insurance policy for non-payment. (Amended Complaint ¶¶ 19, 20, 46, 47). Lichtenfeld alleges that Ramos performed these actions despite knowing that Lichtenfeld "was suffering from a disability that rendered him unable to work." (Amended Complaint ¶ 76). Ramos' actions were also allegedly contrary to Trustmark company policy. (Amended Complaint ¶¶ 26, 27). Upon receiving these notices, Lichtenfeld immediately paid his past-due premium. (Amended Complaint ¶ 22). Trustmark allegedly cashed the check but never reinstated Lichtenfeld's policy. (Amended Complaint ¶¶ 23, 24). Lichtenfeld further alleges:

3

77. Defendant Hakes-Ramos acted intentionally or recklessly while engaging in the conduct described above.

78. Defendant Hakes-Ramos took the above-described actions with the sole intent of causing Plaintiff additional emotional distress.

79. Defendant Hakes-Ramos' conduct did in fact cause Plaintiff to suffer additional severe emotional distress and mental anguish.

80. The additional emotional distress and mental anguish caused by Defendant Hakes-Ramos' actions resulted in Plaintiff suffering bodily harm, by hindering and delaying his progress in recovering from his disabling conditions described above.

81. Defendant's conduct was extreme and outrageous and was done with evil motive or reckless disregard of Plaintiff's protected rights.

(Amended Complaint, ¶¶ 76-81).

Ramos presents two grounds to support her Motion to Dismiss. She contends first that, in spite of having an opportunity to amend his complaint, Lichtenfeld still has failed to plead sufficient facts to support his claim, especially in relation to the sole intent and emotional distress elements. Specifically, Ramos asserts that Lichtenfeld's pleading contains only the "conclusory statements" made in ¶¶ 77-81; that sole intent cannot be inferred from Ramos's sending of the notices and termination in quick succession; and that the emotional distress element is insufficiently supported. (Support Memo at 4-5; Reply at 2-5).

None of these arguments is availing. The first is flatly contradicted by the Amended Complaint and, indeed, by Ramos's own discussion of the Amended Complaint in her briefing. The Amended Complaint includes not only ¶¶ 77-81, but also several paragraphs from prior sections that were incorporated by reference in Count V. Those paragraphs allege that Ramos sent two notices that Lichtenfeld's premium was due and canceled Lichtenfeld's insurance policy over a two-day span. She did this in violation of company policy and apparently with no intention of allowing Lichtenfeld to keep his insurance. As a result, Lichtenfeld claims to have

suffered emotional distress so significant that it delayed his recovery from prior injuries.[1] These facts adequately plead the elements of IIED, including emotional distress and sole intent.

Ramos's second ground for dismissal is that her conduct does not rise to the "extreme and outrageous" level necessary for recovery. (Support Memo at 5). Ramos is correct to point out that in Missouri, "[r]arely is a defendant's conduct sufficiently extreme and outrageous enough to warrant recovery" for IIED. (Support Memo at 7 (quoting *Kansas City Laser, Inc. v. MCI Telecomms. Corp.*, 252 F. App'x 100, 104 (8th Cir. 2007)). But the facts of this case are sufficiently unusual to survive the pleading stage.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Holly Hakes-Ramos's Motion to Dismiss, (ECF No. 26), is **DENIED**.

Dated this 31st day of March, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Ramos supports her contention that Lichtenfeld inadequately pleaded emotional distress with two arguments: 1) "there are no factual allegations contained in the [Amended] Complaint that set forth the alleged delay in recovery" and 2) there no facts to show that Lichtenfeld's emotional distress was "medically diagnosable and medically significant[,]" as required under Missouri law (Support Memo at 4-5). Both arguments fail. First, it was unnecessary at the pleading stage for Lichtenfeld to set forth "detailed factual allegations" about his delay in recovery. *Twombly,* 550 U.S. at 555. Second, Missouri law does not require plaintiffs to prove medically diagnosable emotional distress in IIED claims. *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 566 n.4 (Mo. 2006) (*en banc*); *Davis v. Zhongding USA Hannibal, Inc.*, No. 2:13-cv87, 2014 WL 81524, at *3-4 (E.D. Mo. Jan. 9, 2014). And even if it did, there would be no need to provide such documentation at the pleading stage.